UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


ALFONZO WATERS                    ]
    Petitioner,                  ]
                                  ]
v.                                ]     No. 3:09-0439
                                  ]     Judge Trauger
HENRY STEWARD, WARDEN, et al.     ]
    Respondents.                 ]


# M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the West Tennessee State Penitentiary in Henning, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Henry Steward, Warden of the facility, and the State of Tennessee, seeking a writ of habeas corpus.

In May, 2004, a jury in Davidson County found the petitioner guilty of first degree murder. Docket Entry No. 20-1 at pg. 18. For this crime, he received a sentence of life imprisonment. *Id.* at pg. 20. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the conviction and sentence. Docket Entry No. 19, Appendix A. No further review was sought in the Tennessee Supreme Court.

A *pro se* petition for state post-conviction relief was then filed in the Criminal Court of Davidson County. Docket Entry No. 20-2 at pgs. 6-17. Following the appointment of counsel, an amendment of the petition and an evidentiary hearing, the trial court denied the petitioner's request for post-conviction relief. *Id.* at pgs. 74-81. On appeal, the denial of post-conviction relief was affirmed by the Tennessee Court of Criminal Appeals. Docket Entry No. 19, Appendix B. The

1

Tennessee Supreme Court later rejected the petitioner's application for further review. Docket Entry No. 20-5 at pg. 91.

On April 16, 2009, the petitioner initiated this action with the filing of a petition for writ of habeas corpus. Docket Entry No. 1. The respondents were directed to file an answer, plead or otherwise respond to the petition. Docket Entry No. 6. From the petition, the respondents were unable to determine the nature of the petitioner's claims. Consequently, they filed a Motion for More Definite Statement. Docket Entry No. 12.

In response to the respondents' Motion, the petitioner filed an amended petition. Docket Entry No. 14. The amended petition, however, also failed to identify specific claims for relief. The amended petition, though, did state that the petitioner had set forth his claims in an earlier pleading. Accordingly, an order (Docket Entry No. 17) was entered directing the respondents to file an answer, plead or otherwise respond to the claims enumerated by the petitioner on page 10 of his Motion for Appointment of Counsel. Docket Entry No. 3.

The claims found in the petitioner's Motion for Appointment of Counsel include :

> (1) the conviction was obtained in violation of petitioner's right against self-incrimination;
>
> (2) the prosecutor failed to disclose exculpatory evidence;
>
> (3) the petitioner was denied the effective assistance of counsel when his attorney[1]
>     a) neglected to properly investigate the case;
>     b) failed to present relevant evidence;
>     c) failed to impeach prosecution witnesses;
>     d) did not register timely objections to hearsay
>        and leading questions;

---

[1] At trial, the petitioner was represented by Paul Walwyn, a member of the Davidson County Bar.

2

      e) neglected to move for a mistrial; and
      f) failed to present an effective appeal;

(4)   the conviction was obtained in violation of the petitioner's right to be free from double jeopardy;

(5)   the jury was unconstitutionally selected and impaneled;

(6)   the petitioner has obtained newly discovered evidence;

(7)   illegal evidence was used to obtain the conviction;

(8)   prosecution witnesses were allowed to give inconsistent testimony;

(9)   the prosecutor was guilty of "prosecutorial steering";

(10)   the trial judge was guilty of judicial misconduct for
      a) "coaching the jurors"; and
      b) improperly instructing the jurors;

(11)   the indictment was fatally defective.

Docket Entry No. 3 at pgs. 10-17.

  Presently pending before the Court are the petition and the respondents' Answer (Docket Entry No. 19) to the petition. Upon consideration of these pleadings and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

  A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by

giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 481 U.S. 129 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Rose v. Lundy, 455 U.S. 509, 522 (1982). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[2]

On direct appeal, the petitioner claimed that the trial court had erred in allowing the prosecution to present evidence that the victim was wearing shoes with red laces at the time of his death.[3] Docket Entry No. 20-4 at pg. 6. On appeal from the denial of post-conviction relief, the petitioner alleged only that he had been denied the effective assistance of counsel. Docket Entry No. 20-5 at pg. 7. Thus, all of the petitioner's claims, with the exception of those alleging ineffective assistance of counsel (Claim No. 3a-f), have never been raised in the state courts and are not exhausted.

At this late date, it appears that state court remedies for petitioner's unexhausted claims (Claim Nos. 1, 2, 4-11) are no longer available. *See* Tenn. Code Ann. § 40-30-102(a) and (c). As a consequence, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally

---

[2] In Tennessee, a habeas petitioner need take his claims only as far as the Tennessee Court of Criminal Appeals to accomplish exhaustion. Adams v. Holland, 330 F.3d 398 (6th Cir. 2003).

[3] The petitioner felt that the reference to red would infer to the jurors that the victim's death had been gang-related. Docket Entry No. 20-4 at pg. 12.

4

defaulted for purposes of federal habeas corpus review).

Nevertheless, to prevent a federal habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Wainwright v. Sykes, 443 U.S. 72, 84 (1977); Engle v. Isaac, 456 U.S. 107, 129 (1982).

In this instance, the petitioner has failed to properly exhaust his state court remedies for these claims. The petitioner has pled neither cause nor prejudice to explain why these claims were not offered to every level of the state court system for consideration. They would, therefore, appear to be procedurally defaulted. Of course, even in the absence of cause and prejudice, a procedural default may be excused when review of a petitioner's claims is necessary to correct a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722 (1991); Murray v. Carrier, 477 U.S. 478 (1986). A fundamental miscarriage of justice occurs when a constitutional violation has probably led to the conviction of one who is actually innocent. Murray, *supra*. Here, the petitioner has offered nothing to place his guilt in doubt. Consequently, the Court finds that the petitioner has forfeited his right to federal review of those claims that were never presented to the state courts.

The petitioner's remaining claims, i.e., those alleging the ineffective assistance of counsel, were fully litigated in the state courts and were found to be lacking in merit. When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169

5

F.3d 352, 357 (6th Cir. 1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional

 right has been violated. *Id.* at 529 U.S. 389.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

The petitioner's ineffective assistance claims were first addressed in a post-conviction evidentiary hearing. Following that hearing, the trial judge applied the holding of Strickland, *supra*, and found that "counsel was deficient in several aspects of his representation." Docket Entry No. 20-2 at pg. 80. Nevertheless, the petitioner had failed to establish the requisite prejudice needed to sustain an ineffective assistance claim. Consequently, the petitioner's ineffective assistance claims

6

were held to be without merit. This ruling was affirmed on appeal to the Tennessee Court of Criminal Appeals. Docket Entry No. 19, Appendix B.

The record supports the conclusions reached by the state courts in reference to the petitioner's ineffective assistance claims. The petitioner's defense was predicated on the theory that he had shot the victim in self-defense. Docket Entry No. 20-2 at pg. 95. However, the jury heard substantial evidence contrary to a showing of self-defense. For example, forensics testimony revealed that the victim had been shot in the back from a distance. Docket Entry No. 20-3 at pgs. 331, 334. A witness saw the petitioner shoot the victim in the back. *Id.* at pg. 30. Evidence showed that the petitioner had confronted the victim and some friends earlier in the day. *Id.* at pgs. 184-186. At that time, the petitioner was armed with a handgun. The petitioner was overheard saying that he was going to kill someone wearing red. *Id.* at pg. 210. The victim was wearing shoes with red laces the day he was shot. *Id.* at pgs. 57, 212. Finally, the petitioner admitted to at least one witness that he had shot the victim. *Id.* at pg. 209.

Prejudice is shown when there is a reasonable probability that, but for counsel's mistakes, the result of the trial would have been different. Strickland, *supra* at 466 U.S. 694. The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal rationale of the state courts runs contrary to federal law. Therefore, having carefully reviewed the record, it appears that the state court adjudication of petitioner's remaining ineffective assistance claims was neither contrary to nor an unreasonable application of federal law. Consequently, these claims will not support an award of habeas corpus relief.

7

Case 3:09-cv-00439    Document 22    Filed 02/01/10    Page 7 of 8 PageID #: 1115

In the absence of an actionable claim, the Court finds no merit in the petitioner's amended petition for writ of habeas corpus. Accordingly, said petition shall be denied and this action will be dismissed.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge